UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JANE DOE (J.A.S.) an individual, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.9:24-cv-00195 |
| | § | |
| G6 HOSPITALITY, LLC; G6 HOSPITALITY IP, LLC; G6 HOSPITALITY PROPERTY, LLC; G6 HOSPITALITY PURCHASING, LLC; G6 HOSPITALITY FRANCHISING, LLC; MOTEL 6 OPERATING, LP; and RADHESHVAR, LLC | § | |
| | § | |
| *Defendants* | § | JURY TRIAL DEMANDED |

**DEFENDANT, RADHESHVAR, LLC'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT**

COME NOW RADHESHVAR, LLC, (hereinafter "Defendant") in the above entitled and numbered cause, and serve the following Original Answer to the Complaint filed by Plaintiff, JANE DOE (J.A.S.) ("Plaintiff") in the above-entitled and numbered cause, and would respectfully show the following:

**I.**

1. The allegations contained in Paragraph 1 of Plaintiff's Complaint state the Plaintiff's intent and does not require a response. To the extent a response is required, Defendant is without knowledge or information to admit or deny the allegations in Paragraph 1. Defendant denies that it has any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff. In

further response, Defendant does not consent to the use of Jane Doe as a placeholder for the identity and full name of Plaintiff and reserves all rights to conduct discovery, including the use of Plaintiff's name, to identify witnesses who may have knowledge of the alleged events and to gather necessary information from potential third parties in order to preserve and present its defenses in this action.

2. Paragraph 2 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant refers to the statutes referenced by Plaintiff: 18 U.S.C. § 1591 and 22 U.S.C. § 7102, which speak for themselves regarding the definition of sex trafficking, and further states that Defendant is without knowledge or information sufficient to enable it to admit or deny the remaining allegations of Paragraph 2 of Plaintiff's Complaint.

3. Paragraph 3 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant refers to the statute referenced by Plaintiff: 18 U.S.C. § 1591, which speaks for itself regarding the definition of a commercial sex act. In further response, Defendant is without knowledge or information sufficient to enable it to admit or deny the remaining allegations of Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits that sex trafficking has become a public concern. Defendant denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant refers to the statute referenced by Plaintiff: 18 U.S.C. § 1581, et seq, and 18 U.S.C. § 1591, et seq., and interpreting case law, which speak for themselves regarding a civil remedy for victims of sex trafficking.

6. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

**PARTIES**

9. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 9 of Plaintiff's Complaint.

10. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 10 of Plaintiff's Complaint.

11. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 11 of Plaintiff's Complaint. In further response, Defendant does not consent to the use of Jane Doe as a placeholder for the identity and full name of Plaintiff and reserves all rights to conduct discovery, including the use of Plaintiff's name, to identify witnesses who may have knowledge of the alleged events and to gather necessary information from potential third parties in order to preserve and present its defenses in this action.

12. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 12 of Plaintiff's Complaint.

13. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 13 of Plaintiff's Complaint.

14. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 14 of Plaintiff's Complaint.

15. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 15 of Plaintiff's Complaint.

16. Defendant is without knowledge or information sufficient to enable it to admit or

deny the allegations of Paragraph 16 of Plaintiff's Complaint.

17. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 17 of Plaintiff's Complaint.

18. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 18 of Plaintiff's Complaint.

19. Defendant admits that it is a Georgia limited liability company and can be served through its registered agent, Rupa Patel, at 285 Country Club Dr., Stockbridge, GA 30281. Defendant admits that it has owned and operated the Motel 6 located at 2820 Chamblee Tucker Road, Atlanta, GA 30341 since December 2001. Defendant denies the remaining allegations of Paragraph 19 of Plaintiff's Complaint.

**JURISDICTION AND VENUE**

20. Defendant denies that jurisdiction is proper in this Court as to this Defendant.

21. Defendant denies that venue is proper in this Court as to this Defendant and specifically denies that it is a resident of Texas.

22. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies that jurisdiction is proper in this Court as to this Defendant.

24. Defendant denies that jurisdiction is proper in this Court as to this Defendant.

25. Defendant denies that venue is proper in this Court as to this Defendant and specifically denies that it is a resident of Texas. Further, Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 25 of Plaintiff's Complaint that a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas.

26. Defendant denies the allegations contained in Paragraph 26 and subparagraphs (a) – (p) of Plaintiff's Complaint.

**STATEMENT OF FACTS**

27. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 27 of Plaintiff's Complaint.

28. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 28 of Plaintiff's Complaint.

29. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 29 of Plaintiff's Complaint.

30. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 30 of Plaintiff's Complaint.

31. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 31 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

32. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 32 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

33. Defendant is without knowledge or information sufficient to enable it to admit or

deny the allegations of Paragraph 33 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

**II.**

34. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 34 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

35. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 35 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

36. Defendant admits that it has received information and participated in training regarding indicators of human trafficking in recent years provided by both government agencies and non-profit organizations, but Defendant is without knowledge or information sufficient to enable it to admit or deny the remaining allegations of Paragraph 36 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

37. Defendant is without knowledge or information sufficient to enable it to admit or

deny the allegations of Paragraph 37 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

38. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 38 and subparagraphs (a) – (p) of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

39. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 39 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

40. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 40 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

41. Defendant refers to the statute referenced by Plaintiff: 18 U.S.C. § 1591, which speaks for itself. Defendant denies the remaining allegations of Paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations of Paragraph 42 of Plaintiff's Complaint.

43. Defendant is without knowledge or information sufficient to enable it to admit or

deny the allegations of Paragraph 43 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

44. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 44 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

45. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 45 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

46. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 46 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

47. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 47 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff.

Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

48. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 48 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

49. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 49 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

50. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 50 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff. Defendant further denies the allegation it chose to benefit from sex trafficking.

**III.**

51. Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 52 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff.

Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

53. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 53 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

54. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 54 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

55. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 55 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

56. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 56 of Plaintiff's Complaint. For further response, Defendant denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

**a.**

57. Defendant denies the allegations of Paragraph 57 of Plaintiff's Complaint. For further response, Paragraph 57 of Plaintiff's Complaint fails to identify a time period for its allegation. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

58. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 58 of Plaintiff's Complaint. For further response, Paragraph 58 of Plaintiff's Complaint fails to identify a time period for its allegation. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

59. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 59 of Plaintiff's Complaint, including all non-enumerated, bulleted subparagraphs. To the extent that Plaintiff is drawing reference to "news stories" that were published outside of the State of Georgia where this Defendant is located, they are irrelevant to Defendant's alleged knowledge at or about the time of the alleged trafficking of Plaintiff. Further, to the extent that the allegations of Paragraph 59 of Plaintiff's Complaint are intended to assert a cause of action against this Defendant or imply that Defendant knowingly provided a venue to sex traffickers or criminals for illegal activity is expressly denied.

60. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 60 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

61. Defendant denies the allegations contained in Paragraph 61 of the Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

62. Defendant denies the allegations of Paragraph 62 of Plaintiff's Complaint. Defendant denies that it monitored the reviews referenced in the non-enumerated, bulleted subparagraphs of Paragraph 62 of Plaintiff's Complaint. Further, the allegations contained in Paragraph 62 of Plaintiff's Complaint are irrelevant as to this Defendant, since none of the alleged online reviews contained in Paragraph 62 reference hotels in Georgia, where this Defendant's property is located.

63. Defendant denies the allegations of Paragraph 63 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

64. Defendant denies the allegations of Paragraph 64 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

65. Defendant denies the allegations of Paragraph 65 and subparagraphs (a) – (e) of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

66. Defendant denies the allegations of Paragraph 66 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

**b.**

67. Defendant denies the allegations of Paragraph 67 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

68. Defendant denies the allegations of Paragraph 68 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

69. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 69 of Plaintiff's Complaint, including the non-enumerated, bulleted subparagraphs. To the extent that Plaintiff is drawing reference to hearsay internet reviews referencing incidents or observations outside of its hotel and the State of Georgia where this Defendant is located, or outside the subject time period of 2012-2017, they are irrelevant to Defendant's alleged knowledge at or about the time of the alleged trafficking of Plaintiff between 2012-2017.

70. Defendant denies the allegations of Paragraph 70 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of

Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

71. Defendant denies the allegations of Paragraph 71 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

72. Defendant denies the allegations of Paragraph 72 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

73. Defendant denies the allegations of Paragraph 73 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

74. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 74 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

75. Defendant denies the allegations of Paragraph 75 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

76. Defendant denies the allegations of Paragraph 76 and subparagraphs (a) – (f) of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

77. Defendant denies the allegations of Paragraph 77 and subparagraphs (a) – (f) of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

78. Defendant denies the allegations of Paragraph 78 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

79. Defendant denies the allegations of Paragraph 79 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

**c.**

80. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 80 of Plaintiff's Complaint, including subparagraphs (a) – (i). For further response, Defendant denies that any such signs or indicators allegedly exhibited by Plaintiff or her trafficker were "obvious." Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

81. Defendant denies the allegations of Paragraph 81 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

82. Defendant denies the allegations of Paragraph 82 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

83. Defendant denies the allegations of Paragraph 83 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

**IV**.

84. Defendant denies the allegations of Paragraph 84 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

**a.**

85. Defendant denies the allegations of Paragraph 85 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

86. Defendant denies the allegations of Paragraph 86 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

87. Defendant denies the allegations of Paragraph 87 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

88. Defendant denies the allegations of Paragraph 88 and subparagraphs (a) – (d) of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

**b.**

89. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 89 of Plaintiff's Complaint, including subparagraphs (a) – (l). Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

90. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 90 of Plaintiff's Complaint, including subparagraphs (a) – (i). Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

91. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 91 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

92. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 92 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

93. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 93 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

94. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 94 of Plaintiff's Complaint, including subparagraphs (a) – (j). Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

95. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 95 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

96. Defendant is without knowledge or information sufficient to enable it to admit or

deny the allegations of Paragraph 96 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

97. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 97 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

98. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 98 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

99. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 99 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

100. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 100 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

101. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 101 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

**V.**

102. Defendant denies the allegations of Paragraph 102 and subparagraphs (a) – (g) of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

**VI.**

103. Defendant denies the allegations of Paragraph 103 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

104. Defendant denies the allegations of Paragraph 104 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

105. Defendant denies the allegations of Paragraph 105 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

106. Defendant denies the allegations of Paragraph 106 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

**CAUSE OF ACTION - SEX TRAFICKING UNDER THE TVPRA**

107. Defendant incorporates its responses to Paragraphs 1 – 106 of Plaintiff's Complaint.

**I.**

108. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 108 of Plaintiff's Complaint.

109. Defendant denies the allegations of Paragraph 109 and subparagraphs (a) and (b) of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

110. Defendant denies the allegations of Paragraph 110 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

**II.**

111. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 111 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

112. Defendant denies the allegations of Paragraph 112 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

113. Defendant denies the allegations of Paragraph 113 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

114. Defendant denies the allegations of Paragraph 114 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

**III.**

115. The allegations of Paragraph 115 of Plaintiff's Complaint contain a legal conclusion to which this Defendant cannot respond, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 115 of Plaintiff's Complaint.

116. The allegations of Paragraph 116 of Plaintiff's Complaint contain a legal conclusion to which this Defendant cannot respond, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 116 of Plaintiff's Complaint.

117. The allegations of Paragraph 117 of Plaintiff's Complaint contain a legal conclusion to which this Defendant cannot respond, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 117 of Plaintiff's Complaint.

118. The allegations of Paragraph 118 of Plaintiff's Complaint contain a legal conclusion to which this Defendant cannot respond, and no response is required. To the extent a response is

required, Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 118 of Plaintiff's Complaint.

119. Defendant denies the allegations of Paragraph 119 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

**DISCOVERY RULE**

120. The allegations of Paragraph 120 of Plaintiff's Complaint contain a legal conclusion to which this Defendant cannot respond, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 120 of Plaintiff's Complaint. To the extent that Plaintiff seeks to toll the statute of limitations through asserting the "discovery rule", Defendant denies that such tolling is, or was, appropriate for, or applied to, Plaintiff's claims. For further response, Defendant denies that it facilitated Plaintiff's sex trafficking.

121. The allegations of Paragraph 121 of Plaintiff's Complaint contain a legal conclusion to which this Defendant cannot respond, and no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 121 of Plaintiff's Complaint. To the extent that Plaintiff seeks to toll the statute of limitations through asserting the "discovery rule", Defendant denies that such tolling is, or was, appropriate for, or applied to, Plaintiff's claims. For further response, Defendant denies that it facilitated Plaintiff's sex trafficking.

122. The allegations of Paragraph 122 of Plaintiff's Complaint contain the expected defense of limitations. To the extent a response is required, Defendant is without knowledge or information

sufficient to enable it to admit or deny the allegations of Paragraph 122 of Plaintiff's Complaint. To the extent that Plaintiff seeks to toll the statute of limitations through asserting the "discovery rule", Defendant denies that such tolling is, or was, appropriate for, or applied to, Plaintiff's claims. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

123. The allegations of Paragraph 123 of Plaintiff's Complaint contain the expected defense of limitations. To the extent a response is required, Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 123 of Plaintiff's Complaint. To the extent that Plaintiff seeks to toll the statute of limitations through asserting the "discovery rule", Defendant denies that such tolling is, or was, appropriate for, or applied to, Plaintiff's claims. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

124. Defendant is without knowledge or information sufficient to enable it to admit or deny the allegations of Paragraph 124 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

125. Defendant denies the allegations of Paragraph 125 of Plaintiff's Complaint. Defendant further denies it had any knowledge or information regarding the alleged sex trafficking of Plaintiff. Defendant further denies that it was involved, in any way, with the alleged sex trafficking of Plaintiff.

**DAMAGES**

126. Defendant denies the allegations of Paragraph 126 of Plaintiff's Complaint.

127. Defendant denies the allegations of Paragraph 127 of Plaintiff's Complaint.

128. Defendant denies the allegations of Paragraph 128 and subparagraphs (a) – (l) of Plaintiff's Complaint against this Defendant.

129. Defendant also demands a jury trial of twelve (12) persons on all issues.

130. Defendant denies that Plaintiff is entitled to the relief sought in her RELIEF SOUGHT/WHEREFORE paragraph and prayer for relief. For further response, Defendant asserts that if any allegations of Plaintiff's Complaint have been neither admitted nor denied in the course of this Answer, such allegations are hereby denied.

## II.

## AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

131. Plaintiff has failed to state a claim against this Defendant for which relief can be granted.

132. No act or omission on the part of Defendant was the result of any negligence or failure to use due care and thus Plaintiff is not entitled to recover from this Defendant.

133. Plaintiff's claims are barred by the applicable statute of limitations.

134. Plaintiff's claims are barred on grounds of acquiescence, waiver, estoppel, and/or laches.

135. Comparative Responsibility - Defendant would further show that the damages or liabilities of which Plaintiff complains are the result, in whole or in part, of the negligence of Plaintiff, or other persons or entities over which this Defendant has no control or responsibility and that such acts and/or omissions were the proximate, producing, contributing and/or sole cause of the damages and/or injuries to Plaintiff, if any.

136. Defendant entitled to the full rights and benefits provided by Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE regarding the apportionment of responsibility among

responsible persons or settling persons, the rights to any applicable credits, reductions, and/or limitations on damages and upon any judgment that may be entered in this lawsuit, and the contribution from any other person or entities found to be liable to Plaintiff.

137. Defendant would show that Plaintiff's damages, if any, were proximately caused by preexisting and/or subsequent physical conditions and medical conditions and/or accidents.

138. Plaintiff's alleged damages were caused by a superseding and intervening act, which was beyond the knowledge or control of Defendant.

139. Plaintiff's claims against this Defendant are barred because there is no causal connection between any alleged act, error, or omission by Defendant and the Plaintiff's alleged injuries or damages.

140. Defendant acted in accordance with the applicable standard of care.

141. In regard to Plaintiff's loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, etc., if any, these damages are limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law as set forth in § 18.091 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

142. Defendant would show onto the Court that as to medical expenses only the amount actually paid and/or incurred by Plaintiff is recoverable by Plaintiff in this lawsuit. TEXAS CIVIL PRACTICE & REMEDIES CODE SECTION 41.0105. Any amount that is discounted, written off, or adjusted following contribution of a third-party payor (including but not limited to Medicaid, Medicare or by Managed Care Administrator) is not an amount that is "paid or incurred," and should not be submitted to the jury or included in any economic damage award. If Plaintiff suffered any damages as a result of Defendant's alleged actions, Plaintiff had a duty to mitigate those damages. Plaintiff failed to mitigate his damages and any damages awarded against

Defendant should be reduced by any amounts he could have avoided being charged and/or owing to his health care providers. Plaintiff failed to mitigate his damages to the extent that he or his lawyers entered into an arrangement with Plaintiff's medical providers to defer payment for medical services based upon the outcome of the claim resulting in this lawsuit. Such an arrangement gives the medical providers a financial stake in the outcome of this lawsuit and allows Plaintiff's medical expenses to go unaudited, unchecked, and unregulated resulting in Plaintiff being charged Tier 1 pricing for medical services that does not establish the fair market value of the services rendered. The arrangement with medical providers to defer payment for medical services may have occurred through a "Letter of Protection"; a "Notice of Responsible Insurance"; an agreement tied to the outcome of the suit; a general business understanding between the medical providers and Plaintiff's counsel; a course of dealing on the part of Plaintiff's attorneys; or some other express or tacit agreement between the medical providers and Plaintiff's attorneys. The resulting Tier 1 charges are excessive and were incurred in an effort to increase the recovery of medical and healthcare expenses under Texas Civil Practice & Remedies Code Section 41.0105. Plaintiff failed to mitigate his damages to the extent he, individually or acting by and through her attorneys, failed to take reasonable steps to ensure his medical charges did not exceed reasonable expenses for necessary medical care as established by the fair market value for such medical services as determined by the State of Texas, Medicare, Medicaid and/or private health insurance payors for the same Current Procedural Terminology ("CPT"®) code as established by the American Medical Association for the same time period in the same geographical region. Further, Plaintiff had health insurance coverage plan and also failed to mitigate his damages to the extent he did not submit his bills for medical treatment to his health insurance carrier. This would have resulted in an adjustment of the Tier 1 billed

charge and likely payment to the medical providers. Evidence of Plaintiff's failure to mitigate damages in these regards is discoverable and admissible at the trial of this case.

143. Failure to Mitigate Damages - Defendant would further show some or all of the relief Plaintiff seeks is barred by Plaintiff's failure to mitigate her damages, if any, and/or is otherwise subject to reduction or offset.

144. Statutory Limits on Exemplary Damages - Defendant would further show that they are entitled to the limitations on any award of exemplary damages, pursuant to § 41.008 and all other rights provided in the provisions of Chapter 41, including, but not limited to, limitation, preclusion and burden of proof.

145. Constitutional Limits on Exemplary Damages - With respect to Plaintiff's allegation of punitive or exemplary damages, Defendant alleges as follows:

a. Defendant states that Plaintiff's claims for punitive damages against Defendant cannot be maintained, because an award of punitive damages under current Texas law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred, and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article I, sections 13 and 19 of the Texas Constitution, and the common law and public policies of the State of Texas.

b. Defendant states that Plaintiff's claims for punitive damages against it cannot be maintained, because any award of punitive damages under Texas law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Defendant(s), (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the Article I, sections 13 and 19, and would be improper under the common law and public policies of the State of Texas.

c. Defendant states any award of punitive damages based on anything other than Defendant's conduct that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 13 and 19 of the Texas State Constitution, and would be improper under the common law and public policies of the State of Texas, because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states

other than the State of Texas. In addition, any such award would violate principles of comity under the laws of the State of Texas.

d. To the extent that the law of Texas permits punishment to be measured by the net worth or financial status of Defendant, and imposes greater punishment on defendant with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of defendant in other states, and allows dissimilar treatment of similarly situated defendant, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article I, Sections 13 and 19 of the Texas State Constitution.

e. Plaintiff may not be awarded exemplary damages unless he establishes by clear and convincing evidence that Defendant acted with malice, fraud, or gross neglect, which Defendant denies. Tex. Civ. Prac. & Rem. Code § 41.003.

f. Defendant insists that in the unlikely event any claim for recovery of punitive damages is submitted to the jury, that in accordance with Texas Civil Practices and Remedies Code § 41.003(d) and (3), the Charge of the Court instruct the jury that any finding of liability for and amount of exemplary damages must be unanimous.

g. In the unlikely event of any exemplary damage award, Defendant further invoke the provisions of Texas Civil Practices and Remedies Code §41.008 limiting any award of exemplary damages to either $200,000 or two times the amount of "economic damages," as defined by statute, plus an amount equal to any non-economic damages found by the jury, but not to exceed $750,000.

146. Claims for pre- and post-judgment interest are limited by the dates and amounts set forth in the TEX. FINANCE CODE Chapter 304.

147. Plaintiff's claims for attorney's fees are not warranted and not supported by statute or the facts of this case.

148. Plaintiff has failed to join indispensable parties under Fed. R. Civ. P. 19.

## III.
## JURY DEMAND

149. Defendant tenders their statutory jury fee and demand a trial by jury.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant above prays that upon final hearing of this cause that the Court enter its judgment to the effect that Plaintiff takes nothing by way of his cause of action against Defendant, that Defendant is awarded court costs, legal interest, both prejudgment and post judgment interest, and for such other and further relief to which the Defendant may be justly entitled, either at law or in equity.

Respectfully submitted,

**CASTAGNA SCOTT LLP**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax

By: */s/ John M. "Jack" Sigman*
Lynn S. Castagna
State Bar No. 03980520
Lynn@texasdefense.com
John M. "Jack" Sigman
State Bar No. 18348075
Jack@texasdefense.com

**ATTORNEYS FOR DEFENDANT, RADHESHVAR, LLC**

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 16th day of December 2024, a true and complete copy of the above and foregoing document was served on the following via the Court's CM/ECF system and/or by electronic mail:

***VIE ESERVICE***
Annie McAdams
ANNIE MCADAMS PC
2900 North Loop West
Suite 1130
Houston Texas 77092

David Harris
David E. Harris
Luis O. Sanchez
SICO HOELSCHER HARRIS, LLP
819 N. Upper Broadway
Corpus Christi, Texas 78401

*/s/ John M. "Jack" Sigman*
John "Jack" Sigman